UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: | Case No. 19-42563 |
| Import Specialties Incorporated, | Chapter 11 Case |
| Debtor. | |

---

**DEBTOR'S MOTION FOR EXPEDITED RELIEF AND ORDER
AUTHORIZING USE OF CASH COLLATERAL**

---

TO:   ALL PARTIES IN INTEREST AND OTHER ENTITIES AS SPECIFIED IN LOCAL RULE 9013-3:

1.   Import Specialties Incorporated (the "Debtor") by and through its undersigned attorney, hereby moves this Court for the relief requested below and gives notice of hearing.

2.   The court will hold an interim hearing on this motion **Wednesday, August 28, 2019, at 1:00 p.m.,** and will hold a final hearing on **September 18, 2019 at 10:00 a.m.,** in Courtroom No. 8W of the United States Courthouse at 300 South Fourth Street, 8th Floor, Minneapolis, Minnesota 55415, before Kathleen H. Sanberg, United States Bankruptcy Chief Judge.

3.   The Debtor hereby gives notice that it will not object to the timeliness of any response to the request for expedited relief that is filed and delivered prior to the interim hearing. Any response to the request for final order authorizing the use of cash collateral must be delivered or mailed not later than September 12, 2019, which is five days before the time set for hearing. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE

COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.  This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this chapter 11 case was filed August 22, 2019 (the "Petition Date"). The case is now pending in this court.

5.  This motion arises under 11 USC § 363, 1107 and 1108 and Fed. R. Bankr. P. 4001. This motion is filed under Fed. R. Bankr. P. 9006 and 9014 and Local Rules 9006-1 and 9013-1 through 9013-3. Movant seeks authority, on an interim and final basis, for the use of cash collateral.

6.  The Debtor remains a debtor in possession under sections 1106 and 1107 of the Bankruptcy Code.

7.  No committee of unsecured creditors has been appointed, and no motion for appointment of a trustee or examiner has been filed in this bankruptcy case.

8.  Pursuant to section 363 of the Bankruptcy Code, the Debtor seeks authority to use cash collateral.

9.  The Debtor is a Minnesota corporation that sells retail goods via the internet and catalog. The Debtor's website is: https://www.heartlandamerica.com/

## SECURED DEBT

10.  The Debtor and Charter Bank (the "Bank") entered into that certain Credit Agreement and Disclosure dated April 9, 2018 (the "Credit Agreement").

11.  Pursuant to the Credit Agreement, the Bank extended a line of credit to the Debtor, up to a principal amount of $3,000,000 (the "Line of Credit").

12.  Payment and performance of all obligations owing or to become owing to the

Bank by the Debtor (the "Debtor Obligations"), including, without limitation, all obligations under the Credit Agreement, are secured by a blanket lien on all assets of the Debtor pursuant to the terms of that certain Commercial Security Agreement dated April 9, 2018, executed and delivered by the Debtor in favor of the Bank (the "Security Agreement").

13. The Debtor and the Bank also entered into a Business Loan Agreement dated February 4, 2019 (the "Loan Agreement").

14. Pursuant to and in connection with the Loan Agreement, the Bank loaned the Debtor the principal sum of $1,000,000 and the Debtor executed and delivered in favor of the Bank that certain Promissory Note dated February 4, 2019, in the principal amount of $1,000,000 (the "Term Note").

15. In connection with the Loan Agreement, the Debtor also executed and delivered to the Bank that certain Commercial Security Agreement dated February 4, 2019 (the "Second Security Agreement"), which also grants the Bank a security interest in all assets of the Debtor to secure payment of the Debtor Obligations.

16. The Bank perfected its interest under the Security Agreement by filing a UCC-1 financing statement with the office of the Minnesota Secretary of State on April 9, 2018 (Doc. No. 1011513101020).

17. The aggregate outstanding balance owing to the Bank as of the Petition Date was approximately $3,300,000.00.

**FACTS REGARDING COLLATERAL VALUES AND CASH NEEDS**

18. The Debtor values its assets as of (a) the Petition Date; (b) the date that is 21 days after the Petition Date; and (c) the date of the proposed ending use of cash collateral, all as set forth in the Exhibit A attached to the Declaration of Mark R. Platt (the "Declaration"). For

purposes of Exhibit A, inventory and equipment were valued at their estimated value in an orderly liquidation.

19.     The Debtor's cash needs for the period from August 22, 2019 through September 18, 2019 are set forth on Exhibit B attached to the Declaration. The expenses set forth in Exhibit B are limited to those that are required to avoid immediate and irreparable harm to the estate pending a final hearing on the Motion.

20.     Debtor's cash needs for the period from August 22, 2019 through November 3, 2019 are as set forth on Exhibit C attached to the Declaration.

21.     The Debtor needs to use cash collateral to meet its operating expenses.

## OFFER OF ADEQUATE PROTECTION

22.     As and for adequate protection of Charter Bank's interest in the Collateral:

(a)     The Debtor will use cash to pay ordinary and necessary business expenses and administrative expenses for the items and in such use will not vary materially from that provided for in Exhibits B and C attached to Debtor's Declaration, except for variations attributable to expenditures specifically authorized by Court order.

(b)     The Debtor will grant Charter Bank replacement liens, to the extent of the Debtor's use of cash collateral, in post-petition inventory, accounts, equipment, and general intangibles, with such liens being of the same priority, dignity, and effect as their respective pre-petition liens.

(c)     The Debtor will carry insurance on its assets.

(d)     The Debtor will provide Charter Bank such reports and documents as they may reasonably request.

(e)     The Debtor will afford Charter Bank the right to inspect Debtor's books and records and the right to inspect and appraise the Collateral at any time during normal operating hours and upon reasonable notice to the Debtor and its attorneys.

(f)     The Debtor's permitted use of cash collateral: (i) the Debtor defaults

in performance of any obligation hereunder; (ii) Charter Bank gives notice of the default to Debtor and its counsel; and (iii) such default not cured within seven business days from the date of receipt of the notice.

## NEED FOR EXPEDITED RELIEF

23. Even a relatively short delay in payment of critical expenses may very well result in impairment of employee and vendor relations, and the Debtor therefore submits that expedited relief pursuant to Fed. R. Bankr. P. 4001 and 9006 is warranted.

24. Pursuant to Local Rule 9013-2(c), the Debtor gives notice that it may, if necessary, call Mark R. Platt, the Debtor's President and Chief Executive Officer, to testify regarding the facts relevant to this Motion. Mr. Platt's business address is 8085 Century Blvd, Chaska, MN 55318.

WHEREFORE, the Debtor prays for an order of the court as follows:

a. For an order authorizing use of cash collateral and approving the Debtor's offer of adequate protection on an interim basis;

b. For an order authorizing use of cash collateral and approving the Debtor's offer of adequate protection on a final basis; and

c. Granting such other relief as may be just and equitable.

Dated: August 26, 2019                /e/ John D. Lamey III
                                      John D. Lamey III, Esq. (#312009)
                                      **LAMEY LAW FIRM, P.A.**
                                      980 Inwood Avenue North
                                      Oakdale, MN 55128
                                      Telephone: 651-209-3550 / 651-789-2179 (f)

                                      *Proposed Counsel to the Debtor*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                                       Case No. 19-42563

Import Specialties Incorporated,                                  Chapter 11 Case

Debtor.

---

SEPARATE VERIFICATION OF CASH COLLATERAL AND
EXHIBITS PURSUANT TO LOCAL RULE 4001-2(a)

---

Pursuant to Local Rule 4001-2(a) the undersigned hereby states under penalty of perjury that his is the President of the Debtor, that he has firsthand knowledge of the facts stated in the Notice of Motion and Exhibits A-C attached to the pending motion for use of cash collateral by the Debtor and that the facts set forth therein are true and correct, to the best of his knowledge.

Dated: August 26, 2019                                    _____
                                                                              Mark R. Platt, CEO

# Exhibit A - Current and Projected Asset Values

*Case No. 19-42563*
*Import Specialities Incorporated*

|  | 8/18/2019 | 9/15/2019 | 11/3/2019 |
|---|---|---|---|
| Cash | $75,637.00 | $127,676.00 | $191,199.00 |
| Accounts Receivable* |  |  |  |
| Inventory | $290,643.00 | $233,011.00 | $128,408.00 |
| Equipment / Fixed Assets** | $500,000.00 | $500,000.00 | $500,000.00 |
| **TOTAL** | **$866,280.00** | **$860,687.00** | **$819,607.00** |

* Sales are the accounts receivable and these are built into the projections on Exhibits B and C
**Estimated - This number will stay contact, no sales contemplated

# EXHIBIT B

**Heartland America**
**Weekly Cash Flow Projects**

| | 08/11/19 A | 08/18/19 A | 08/25/19 A | 09/01/19 F | 09/08/19 F | 9/15/19 F |
|---|---:|---:|---:|---:|---:|---:|
| **Beginning Cash Balance** | $ 260,348 | $ 75,637 | $ 126,784 | $ 51,195 | $ 116,015 | $ 127,676 |
| **Cash Receipts:** | | | | | | |
| Heartland - | | | | | | |
|   Sales | $ - | $ 100,593 | $ 75,129 | $ 39,055 | $ 43,727 | $ 74,486 |
|   Cost of sales (Heartland/3rd party financed) | $ - | $ - | $ - | $ - | $ (11,478) | $ (19,553) |
| Marketplace (vendor drop ship) - | | | | | | |
|   Sales | $ - | $ 140,106 | $ 111,700 | $ 117,165 | $ 131,182 | $ 138,332 |
|   Cost of sales (7 day payment terms) | $ - | $ (48,758) | $ - | $ (70,299) | $ (78,709) | $ (82,999) |
| Backorder release - | | | | | | |
|   Sales | $ - | $ - | $ - | $ - | $ - | $ 100,000 |
|   Cost of sales (3rd party financed) | $ - | $ - | $ - | $ - | $ - | $ (60,000) |
| List rental revenue receipts | $ - | $ - | $ - | $ - | $ - | $ 112,000 |
| Memberships | $ - | $ 102,818 | $ 233,989 | $ 129,602 | $ 343,982 | $ 94,250 |
|   Total cash receipts, net | $ - | $ 294,759 | $ 420,818 | $ 215,522 | $ 428,704 | $ 356,516 |
| **Disbursements:** | | | | | | |
| Payroll - | | | | | | |
|   Salaries and Wages | $ 184,711 | $ - | $ 173,878 | $ - | $ 143,877 | $ - |
|   Commissions | $ - | $ - | $ - | $ - | $ - | $ - |
|   Employer Tax | $ - | $ - | $ - | $ - | $ 13,093 | $ - |
| Utilities - | | | | | | |
|   Centerpoint Energy | $ - | $ - | $ - | $ 500 | $ - | $ - |
|   MVEC | $ - | $ - | $ 7,070 | $ 6,500 | $ - | $ - |
|   Aspen Waste | $ - | $ - | $ - | $ 550 | $ - | $ - |
| Packaging - | | | | | | |
|   Shippers Supply | $ - | $ - | $ - | $ - | $ - | $ - |
|   Packaging Corporation of America | $ - | $ - | $ - | $ - | $ - | $ - |
| Telephone / Internet - | | | | | | |
|   Airespring | $ - | $ - | $ 3,929 | $ - | $ - | $ - |
|   OneNet | $ - | $ - | $ - | $ - | $ - | $ - |
|   Marco Equip. | $ - | $ - | $ 10,419 | $ - | $ - | $ - |
|   CenturyLink (USW001) | $ - | $ - | $ - | $ - | $ - | $ - |
|   CenturyLink (USW005) | $ - | $ - | $ - | $ - | $ - | $ - |
| Shipping - | | | | | | |
|   Postage Drop Ship | $ - | $ - | $ 4,000 | $ 4,000 | $ 4,000 | $ - |
|   Terry Enterprises (INBOUND) | $ - | $ - | $ - | $ 5,000 | $ 5,000 | $ - |
|   Spee Dee - MN DELIVERY | $ - | $ - | $ - | $ 7,500 | $ - | $ - |
|   Newgistics/Pitney Bowes | $ - | $ - | $ - | $ 20,241 | $ 23,141 | $ 33,024 |
| Email - | | | | | | |
|   Cardinal Commerce | $ - | $ - | $ 425 | $ - | $ - | $ - |
|   Listrak | $ - | $ - | $ 8,648 | $ 8,200 | $ - | $ - |
| Rent - Summerhil | $ - | $ - | $ - | $ 20,000 | $ - | $ - |
| Search Advertising - | | | | | | |
|   Google | $ - | $ - | $ - | $ - | $ - | $ - |

**Heartland America**
**Weekly Cash Flow Projects**

| | 08/11/19 A | 08/18/19 A | 08/25/19 A | 09/01/19 F | 09/08/19 F | 9/15/19 F |
|---|---:|---:|---:|---:|---:|---:|
| Ebay | $ - | $ - | $ - | $ - | $ - | $ - |
| Other | $ - | $ - | $ - | $ 7,500 | $ - | $ - |
| **Catalog -** | | | | | | |
| Bob Sloane | $ - | $ - | $ - | $ 2,000 | $ - | $ - |
| Arandall | $ - | $ - | $ - | $ 70,000 | $ - | $ - |
| Postage | $ - | $ 40,200 | $ - | $ 85,000 | $ 75,000 | $ - |
| PMX | $ - | $ - | $ - | $ 5,000 | $ - | $ - |
| List Rental | $ - | $ - | $ - | $ - | $ - | $ - |
| **Facilities / Supplies -** | | | | | | |
| Huebsch | $ - | $ - | $ - | $ 300 | $ - | $ - |
| Aramark | $ - | $ - | $ - | $ 600 | $ - | $ - |
| D Lopez | $ - | $ - | $ - | $ 1,100 | $ - | $ - |
| Innovative Office Solutions | $ - | $ - | $ - | $ 1,300 | $ - | $ - |
| Security monitoring | $ - | $ - | $ - | $ - | $ 500 | $ - |
| **Insurance -** | | | | | | |
| Alerus | $ - | $ - | $ - | $ - | $ - | $ - |
| Lincoln | $ - | $ - | $ - | | $ - | $ - |
| Guardian | $ - | $ - | $ 4,285 | $ - | $ - | $ - |
| Medica net | $ - | $ 84,508 | $ - | $ - | $ - | $ 40,000 |
| AON | $ - | $ 13,130 | $ - | $ - | $ - | $ - |
| Principal (401k remit) | $ - | $ 12,383 | $ - | $ 12,000 | $ - | $ - |
| **Sales Tax** | $ - | $ - | $ - | $ - | $ - | |
| **Legal / Accounting -** | | | | | | |
| Legal | $ - | $ - | $ - | $ 10,000 | $ 10,000 | $ 10,000 |
| Consulting | $ - | $ 12,500 | $ - | $ 6,500 | $ 6,500 | $ 6,500 |
| **Refunds -** | | | | | | |
| Checks | $ - | $ 45,074 | $ 28,636 | $ 35,000 | $ 35,000 | $ 25,000 |
| Credit Card | $ - | $ 35,747 | $ 38,924 | $ 40,000 | $ 40,000 | $ 40,000 |
| Total disbursements | $ 184,711 | $ 243,542 | $ 280,214 | $ 348,791 | $ 356,111 | $ 154,524 |
| **Financing Activities:** | | | | | | |
| Charter Bank - | | | | | | |
| Interest and fees | $ - | $ (70) | $ (115) | $ (18,000) | $ - | $ (500) |
| Repayment from inventory reduction | $ - | $ - | $ - | $ - | $ (10,932) | $ (18,622) |
| Principal | $ - | $ - | $ (216,078) | $ 216,089 | $ (50,000) | $ - |
| Short-term funding | $ - | $ - | $ - | $ - | $ - | $ - |
| Total from financing activities | $ - | $ (70) | $ (216,193) | $ 198,089 | $ (60,932) | $ (19,122) |
| **Ending Cash Balance** | $ 75,637 | $ 126,784 | $ 51,195 | $ 116,015 | $ 127,676 | $ 310,548 |
| **Outstanding Bank Line - Charter** | $ 3,331,428 | $ 3,331,428 | $ 3,115,350 | $ 3,331,439 | $ 3,270,507 | $ 3,251,886 |

# EXHIBIT C

**Heartland America**
**Weekly Cash Flow Projects**

| | 08/11/19 A | 08/18/19 A | 08/25/19 A | 09/01/19 F | 09/08/19 F | 9/15/19 F | 9/22/19 F | 9/29/19 F | 10/6/19 F | 10/13/19 F | 10/20/19 F | 10/27/19 | 11/3/19 F |
|---|---:|---:|---:|---:|---:|---:|---:|---:|---:|---:|---:|---:|---:|
| **Beginning Cash Balance** | $ 260,348 | $ 75,637 | $ 126,784 | $ 51,195 | $ 116,015 | $ 127,676 | $ 310,548 | $ 218,019 | $ 202,534 | $ 270,909 | $ 382,306 | $ 207,377 | $ 191,199 |
| **Cash Receipts:** | | | | | | | | | | | | | |
| Heartland - | | | | | | | | | | | | | |
|   Sales | $ - | $ 100,593 | $ 75,129 | $ 39,055 | $ 43,727 | $ 74,486 | $ 64,271 | $ 81,873 | $ 100,891 | $ 116,809 | $ 87,378 | $ 84,898 | $ 112,916 |
|   Cost of sales (Heartland/3rd party financed) | $ - | $ - | $ - | $ - | $ (11,478) | $ (19,553) | $ (16,871) | $ (32,238) | $ (39,726) | $ (45,994) | $ (34,405) | $ (33,429) | $ (44,461) |
| Marketplace (vendor drop ship) - | | | | | | | | | | | | | |
|   Sales | $ - | $ 140,106 | $ 111,700 | $ 117,165 | $ 131,182 | $ 138,332 | $ 119,361 | $ 81,873 | $ 100,891 | $ 116,809 | $ 87,378 | $ 84,898 | $ 112,916 |
|   Cost of sales (7 day payment terms) | $ - | $ (48,758) | $ - | $ (70,299) | $ (78,709) | $ (82,999) | $ (71,616) | $ (49,124) | $ (60,535) | $ (70,086) | $ (52,427) | $ (50,939) | $ (67,750) |
| Backorder release - | | | | | | | | | | | | | |
|   Sales | $ - | $ - | $ - | $ - | $ - | $ 100,000 | $ 150,000 | $ 150,000 | $ - | $ - | $ - | $ - | $ - |
|   Cost of sales (3rd party financed) | $ - | $ - | $ - | $ - | $ - | $ (60,000) | $ (90,000) | $ (90,000) | $ - | $ - | $ - | $ - | $ - |
| List rental revenue receipts | $ - | $ - | $ - | $ - | $ - | $ 112,000 | $ - | $ - | $ - | $ 95,000 | $ - | $ - | $ - |
| Memberships | $ - | $ 102,818 | $ 233,989 | $ 129,602 | $ 343,982 | $ 94,250 | $ 202,353 | $ 103,569 | $ 388,126 | $ 92,009 | $ 198,900 | $ 97,328 | $ 392,928 |
|   Total cash receipts, net | $ - | $ 294,759 | $ 420,818 | $ 215,522 | $ 428,704 | $ 356,516 | $ 357,497 | $ 245,954 | $ 489,647 | $ 304,549 | $ 286,824 | $ 182,757 | $ 506,550 |
| **Disbursements:** | | | | | | | | | | | | | |
| Payroll - | | | | | | | | | | | | | |
|   Salaries and Wages | $ 184,711 | $ - | $ 173,878 | $ - | $ 143,877 | $ - | $ 138,954 | $ - | $ 138,955 | $ - | $ 139,000 | $ - | $ 139,000 |
|   Commissions | $ - | $ - | $ - | $ - | $ - | $ - | $ 15,000 | $ - | $ - | $ - | $ 15,000 | $ - | $ - |
|   Employer Tax | $ - | $ - | $ - | $ - | $ 13,093 | $ - | $ 14,010 | $ - | $ 12,645 | $ - | $ 14,014 | $ - | $ 12,649 |
| Utilities - | | | | | | | | | | | | | |
|   Centerpoint Energy | $ - | $ - | $ - | $ 500 | $ - | $ - | $ - | $ - | $ 500 | $ - | $ - | $ 500 | $ - |
|   MVEC | $ - | $ - | $ 7,070 | $ 6,500 | $ - | $ - | $ - | $ - | $ 6,500 | $ - | $ - | $ 6,500 | $ - |
|   Aspen Waste | $ - | $ - | $ - | $ 550 | $ - | $ - | $ - | $ - | $ 550 | $ - | $ - | $ 550 | $ - |
| Packaging - | | | | | | | | | | | | | |
|   Shippers Supply | $ - | $ - | $ - | $ - | $ - | $ - | $ 5,000 | $ - | $ - | $ 5,000 | $ - | $ - | $ 5,000 |
|   Packaging Corporation of America | $ - | $ - | $ - | $ - | $ - | $ - | $ 7,500 | $ - | $ - | $ 7,500 | $ - | $ - | $ 7,500 |
| Telephone / Internet - | | | | | | | | | | | | | |
|   Airespring | $ - | $ - | $ 3,929 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
|   OneNet | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 5,000 | $ - | $ - | $ - | $ 5,000 | $ - |
|   Marco Equip. | $ - | $ - | $ 10,419 | $ - | $ - | $ - | $ - | $ 7,500 | $ - | $ - | $ - | $ 7,500 | $ - |
|   CenturyLink (USW001) | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 10,000 | $ - | $ - | $ - | $ - | $ - |
|   CenturyLink (USW005) | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 970 | $ - | $ - | $ - | $ - | $ - |
| Shipping - | | | | | | | | | | | | | |
|   Postage Drop Ship | $ - | $ - | $ 4,000 | $ 4,000 | $ 4,000 | $ - | $ 6,000 | $ 6,000 | $ 6,000 | $ 6,000 | $ 4,000 | $ 4,000 | $ 4,000 |
|   Terry Enterprises (INBOUND) | $ - | $ - | $ - | $ 5,000 | $ 5,000 | $ - | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 |
|   Spee Dee - MN DELIVERY | $ - | $ - | $ - | $ 7,500 | $ - | $ - | $ 5,000 | $ - | $ 5,000 | $ - | $ 5,000 | $ - | $ 5,000 |
|   Newgistics/Pitney Bowes | $ - | $ - | $ - | $ 20,241 | $ 23,141 | $ 33,024 | $ 22,495 | $ 19,409 | $ 25,311 | $ 30,251 | $ 23,117 | $ 22,348 | $ 31,043 |
| Email - | | | | | | | | | | | | | |
|   Cardinal Commerce | $ - | $ - | $ 425 | $ - | $ - | $ - | $ - | $ 425 | $ - | $ - | $ - | $ 425 | $ - |
|   Listrak | $ - | $ - | $ 8,648 | $ 8,200 | $ - | $ - | $ - | $ - | $ - | $ 8,200 | $ - | $ - | $ 8,200 |
| Rent - Summerhil | $ - | $ - | $ - | $ 20,000 | $ - | $ - | $ - | $ 20,000 | $ - | $ - | $ - | $ - | $ 20,000 |
| Search Advertising - | | | | | | | | | | | | | |
|   Google | $ - | $ - | $ - | $ - | $ - | $ - | $ 4,000 | $ - | $ - | $ - | $ 4,000 | $ - | $ - |
|   Ebay | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,000 | $ - | $ - | $ - | $ 1,000 | $ - | $ - |
|   Other | $ - | $ - | $ - | $ 7,500 | $ - | $ - | $ - | $ - | $ 7,500 | $ - | $ - | $ - | $ 7,500 |
| Catalog - | | | | | | | | | | | | | |
|   Bob Sloane | $ - | $ - | $ - | $ 2,000 | $ - | $ - | $ 2,000 | $ - | $ - | $ - | $ 2,000 | $ - | $ - |
|   Arandall | $ - | $ - | $ - | $ 70,000 | $ - | $ - | $ 70,000 | $ - | $ - | $ - | $ 94,000 | $ - | $ - |
|   Postage | $ - | $ 40,200 | $ - | $ 85,000 | $ 75,000 | $ - | $ 43,000 | $ 75,000 | $ 50,000 | $ - | $ 50,000 | $ 75,000 | $ 95,000 |
|   PMX | $ - | $ - | $ - | $ 5,000 | $ - | $ - | $ 5,000 | $ - | $ - | $ - | $ 3,539 | $ - | $ - |
|   List Rental | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 10,500 | $ - | $ - |
| Facilities / Supplies - | | | | | | | | | | | | | |
|   Huebsch | $ - | $ - | $ - | $ 300 | $ - | $ - | $ - | $ - | $ 300 | $ - | $ - | $ - | $ 300 |
|   Aramark | $ - | $ - | $ - | $ 600 | $ - | $ - | $ - | $ - | $ 600 | $ - | $ - | $ - | $ 600 |
|   D Lopez | $ - | $ - | $ - | $ 1,100 | $ - | $ - | $ - | $ - | $ 1,100 | $ - | $ - | $ - | $ 1,100 |
|   Innovative Office Solutions | $ - | $ - | $ - | $ 1,300 | $ - | $ - | $ - | $ - | $ 500 | $ - | $ - | $ - | $ 500 |

**Heartland America**
**Weekly Cash Flow Projects**

| | 08/11/19 A | 08/18/19 A | 08/25/19 A | 09/01/19 F | 09/08/19 F | 9/15/19 F | 9/22/19 F | 9/29/19 F | 10/6/19 F | 10/13/19 F | 10/20/19 F | 10/27/19 | 11/3/19 F |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Security monitoring | $ - | $ - | $ - | $ - | $ 500 | $ - | $ - | $ - | $ - | $ 300 | $ - | $ - | $ - |
| Insurance - | | | | | | | | | | | | | |
|   Alerus | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 160 | $ - | $ - |
|   Lincoln | $ - | $ - | $ - | | $ - | $ - | $ - | $ - | $ 3,000 | $ - | $ - | $ - | $ - |
|   Guardian | $ - | $ - | $ 4,285 | $ - | $ - | $ - | $ - | $ - | $ 3,000 | $ - | $ 3,000 | $ - | $ - |
|   Medica net | $ - | $ 84,508 | $ - | $ - | $ - | $ 40,000 | $ - | $ - | $ - | $ 40,000 | $ - | $ - | $ - |
|   AON | $ - | $ 13,130 | $ - | $ - | $ - | $ - | $ - | $ 15,500 | $ - | $ - | $ - | $ 15,500 | $ - | $ - |
|   Principal (401k remit) | $ - | $ 12,383 | $ - | $ 12,000 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Sales Tax | $ - | $ - | $ - | $ - | $ - | | | | | | | | |
| Legal / Accounting - | | | | | | | | | | | | | |
|   Legal | $ - | $ - | $ - | $ 10,000 | $ 10,000 | $ 10,000 | $ 10,000 | $ 10,000 | $ 10,000 | $ 10,000 | $ 10,000 | $ 10,000 | $ 10,000 |
|   Consulting | $ - | $ 12,500 | $ - | $ 6,500 | $ 6,500 | $ 6,500 | $ 6,500 | $ 6,500 | $ 6,500 | $ 6,500 | $ 6,500 | $ 6,500 | $ 6,500 |
| Refunds - | | | | | | | | | | | | | |
|   Checks | $ - | $ 45,074 | $ 28,636 | $ 35,000 | $ 35,000 | $ 25,000 | $ 17,500 | $ 17,500 | $ 17,500 | $ 17,500 | $ 10,000 | $ 10,000 | $ 10,000 |
|   Credit Card | $ - | $ 35,747 | $ 38,924 | $ 40,000 | $ 40,000 | $ 40,000 | $ 40,000 | $ 40,000 | $ 40,000 | $ 40,000 | $ 25,000 | $ 25,000 | $ 25,000 |
|   Total disbursements | $ 184,711 | $ 243,542 | $ 280,214 | $ 348,791 | $ 356,111 | $ 154,524 | $ 433,458 | $ 223,304 | $ 348,661 | $ 168,051 | $ 440,330 | $ 178,323 | $ 393,892 |
| **Financing Activities:** | | | | | | | | | | | | | |
| Charter Bank - | | | | | | | | | | | | | |
|   Interest and fees | $ - | $ (70) | $ (115) | $ (18,000) | $ - | $ (500) | $ (500) | $ (17,900) | $ - | $ (500) | $ (500) | $ - | $ (17,300) |
|   Repayment from inventory reduction | $ - | $ - | $ - | $ - | $ (10,932) | $ (18,622) | $ (16,068) | $ (20,234) | $ (22,611) | $ (24,601) | $ (20,922) | $ (20,612) | $ (24,115) |
|   Principal | $ - | $ - | $ (216,078) | $ 216,089 | $ (50,000) | $ - | $ - | $ - | $ (50,000) | $ - | $ - | $ - | $ (50,000) |
|   Short-term funding | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
|   Total from financing activities | $ - | $ (70) | $ (216,193) | $ 198,089 | $ (60,932) | $ (19,122) | $ (16,568) | $ (38,134) | $ (72,611) | $ (25,101) | $ (21,422) | $ (20,612) | $ (91,415) |
| **Ending Cash Balance** | $ 75,637 | $ 126,784 | $ 51,195 | $ 116,015 | $ 127,676 | $ 310,548 | $ 218,019 | $ 202,534 | $ 270,909 | $ 382,306 | $ 207,377 | $ 191,199 | $ 212,443 |
| **Outstanding Bank Line - Charter** | $ 3,331,428 | $ 3,331,428 | $ 3,115,350 | $ 3,331,439 | $ 3,270,507 | $ 3,251,886 | $ 3,235,818 | $ 3,215,584 | $ 3,142,973 | $ 3,118,371 | $ 3,097,449 | $ 3,076,837 | $ 3,002,722 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Import Specialties Incorporated,

Debtor.

Case No. 19-42563

Chapter 11 Case

---

**DECLARATION OF MARK R. PLATT IN SUPPORT OF DEBTOR'S MOTION FOR EXPEDITED RELIEF AND ORDER AUTHORIZING USE OF CASH COLLATERAL**

---

1. I am the president of the Debtor in the above-referenced bankruptcy case. I make this Unsworn Declaration in Support of the Debtor's Motion for Expedited Relief and Order Authorizing Use of Cash Collateral ("Motion").

2. I am familiar with the Debtor's assets, debts and operations.

3. As of August 22, 2019 ("Filing Date") the Debtor was indebted to Charter Bank in the approximate amount of $3,300,000.00 in debt secured by, among other things, an interest in cash collateral.

4. The Debtor values its assets as of: (a) the Filing Date; (b) the date of the beginning of the period of time for which Debtor seeks authorization to use cash collateral for use of cash collateral; and (c) the date of the end of the period of time for which the Debtor currently seeks authorization to use cash collateral, all as set forth in <u>Exhibit A</u> attached hereto.

5. The Debtor needs the use of cash collateral to pay operating expenses.

6. For the period from August 22, 2019 through September 18, 2019, the Debtor

requires cash for the items and in the amounts specified on the attached Exhibit B. The Expenditures provided for in Exhibit B are limited to those that are necessary to avoid immediate and irreparable harm to the bankruptcy estate.

7. For the period from September 19, 2019 through November 3, 2019, the Debtor requires cash for the items and in the amounts specified on the attached Exhibit C.

8. The Debtor proposes to adequately protect Charter Bank in the manner and on the terms described in the Motion.

9. I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: August 26, 2019

_____
Mark R. Platt, CEO

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | Case No. 19-42563 |
| Import Specialties Incorporated | Chapter 11 Case |
| Debtor. | |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED RELIEF AND ORDER AUTHORIZING USE OF CASH COLLATERAL**

---

Import Specialties Incorporated ("Debtor") submits this Memorandum of Law in support of its Motion for Expedited Relief and Order Authorizing Use of Cash Collateral ("Motion").

### I.     STATEMENT OF FACTS

Debtor relies on the facts set forth in the Motion and incorporates the same herein by this reference.

### II.     STATEMENT OF LAW AND DISCUSSION

#### A.  Expedited Relief

Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure provides as follows:

The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 14 days after service of the motion. If the motion so requests, the court may conduct a preliminary hearing before such 14 day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

RULE 4001-2(b) of the Local Rules of Bankruptcy Procedure provies:

(b) PRELIMINARY HEARING. If the hearing on a motion for use of cash collateral is a preliminary hearing pursuant to Federal Rule of Bankruptcy Procedure 4001(b)(2), the Debtor's separate verified statement shall contain an

itemization of the proposed uses of cash collateral that are required to avoid immediate and irreparable harm to the estate pending a final hearing on the motion.

The Debtor has made all of the showings necessary to support its request for expedited relief. The proposed interim budget provides only for the payment of those expenses as are necessary to avoid immediate and irreparable harm.

### B.  Cash Collateral

Section 363(c)(2) of the Bankruptcy Code provides that a debtor in possession may use cash collateral only with the secured creditor's consent or if the court, after notice and a hearing, so orders. Section 363(e) of the Bankruptcy Code provides that the court must provide the secured creditor with adequate protection of its interest upon request of the creditor. With respect to adequate protection:

In any given case, the bankruptcy court must necessarily (1) establish the value of the secured creditor's interest, (2) identify the risks to the secured creditor's value resulting from the debtor's requests for use of cash collateral, and (3) determine whether the debtor's adequate protection proposal protects values as nearly as possible against risks to that value consistent with the concept of indubitable equivalence. *In re Martin,* 761 F. 2d 472, 476-77 (8th Cir. 1985).

Based on the facts alleged in the Motion and Debtor's Declaration, the secured creditors' interest in the cash collateral is that Debtor will use all of the collateral and not generate sufficient post-petition collateral to replace the used collateral. Debtor has set forth how the value of the assets will change, between the Filing Date and the dates through which the Debtor seeks use of cash collateral. Debtor has further set forth in Debtor's Declaration, Debtor's cash flow projections detailing Debtor's projections of its operations on an actual cash basis. Pursuant to Debtor's projections, the secured creditors' collateral position does not adversely change during the period of the proposed use of cash collateral, and, in fact, improvise.

Based on the facts and circumstances of this case, under the offer set forth in the Motion, the secured creditors are adequately protected against any risk that the value of the collateral will erode during the pendency of this case.

### III.    CONCLUSION

For the foregoing reasons, the Debtor requests that the Court authorize the use of cash collateral as provided in this Motion.

Dated: August 26, 2019

/e/  John D. Lamey III
John D. Lamey III, Esq. (#312009)
**LAMEY LAW FIRM, P.A.**
980 Inwood Avenue North
Oakdale, MN 55128
Telephone: 651-209-3550 / 651-789-2179 (f)

*Proposed Counsel to the Debtor*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Import Specialties Incorporated

Debtor.

Case No. 19-42563

Chapter 11 Case

## ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

This matter came before the Court on the Debtor's expedited motion for an order authorizing the use of cash collateral. Appearances are noted on the record. Based on the arguments of counsel and the documents of record, and the court being fully advised with respect to the other relevant facts and information,

IT IS HEREBY ORDERED:

1. The Debtor's request for expedited relief is granted.

2. The debtor is authorized, subject to the terms herein, to use cash collateral in which Charter Bank has an interest through September 18, 2019.

3. The Debtor's use of cash collateral is subject to the following terms:

(a) The Debtor will use cash to pay ordinary and necessary business expenses and administrative expenses for the items and such use will not vary materially from that provided for in <u>Exhibit B</u> attached to the debtor's president's declaration, except for variations attributable to expenditures specifically authorized by Court Order.

(b) The Debtor will grant Charter Bank replacement liens, to the extent of the debtor's use of cash collateral, in post-petition inventory, accounts, equipment, and general intangibles, with such lien being of the same priority, dignity, and effect as their respective pre-petition liens.

(c) The Debtor will carry insurance on its assets.

(d) The Debtor will provide Charter Bank with such reports and documents as they may reasonably request.

(e) The Debtor will afford Charter Bank the right to inspect the Debtor's books and records and the right to inspect and appraise any part of their collateral at any time during normal operating hours and upon reasonable notice to the Debtor and its attorneys.

(f) The Debtor's permitted use of cash collateral will cease if:

    (i) The Debtor defaults in performance of any obligation hereunder;
    (ii) Charter Bank gives notice of such default to the debtor and its counsel; and
    (iii) Such default is not cured within seven business days from the date of receipt of the notice.

Dated: _____

Kathleen H. Sanberg
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

___

| | |
|---|---|
| In re: | Case No. 19-42563 |
| Import Specialties Incorporated | Chapter 11 Case |
| Debtor. | |

___

## ORDER FOR USE OF CASH COLLATERAL
___

This matter came before the Court on the Debtor's expedited motion for an order authorizing the use of cash collateral. Appearances are noted on the record. Based on the arguments of counsel and the documents of record, and the court being fully advised with respect to the other relevant facts and information,

IT IS HEREBY ORDERED:

1. The Debtor is authorized, subject to the terms herein, to use cash collateral which Charter Bank have an interest through November 3, 2019.

2. The Debtor's use of cash collateral is subject to the following terms:

(a) The Debtor will use cash to pay ordinary and necessary business expenses and administrative expenses for the items and such use will not vary materially from that provided for in <u>Exhibit B</u> attached to the debtor's president's declaration, except for variations attributable to expenditures specifically authorized by Court Order.

(b) The Debtor will grant Charter Bank replacement liens, to the extent of the debtor's use of cash collateral, in post-petition inventory, accounts, equipment, and general intangibles, with such lien being of the same priority, dignity, and effect as their respective pre-petition liens.

(c) The Debtor will carry insurance on its assets.

(d) The Debtor will provide Charter Bank with such reports and documents as they may reasonably request.

(e) The Debtor will afford Charter Bank the right to inspect the Debtor's books and records and the right to inspect and appraise any part of their collateral at any time during normal operating hours and upon reasonable notice to the Debtor and its attorneys.

(f) The Debtor's permitted use of cash collateral will cease if:

- (i) The Debtor defaults in performance of any obligation hereunder;
- (ii) Charter Bank gives notice of such default to the debtor and its counsel; and
- (iii) Such default is not cured within seven business days from the date of receipt of the notice.

Dated: _____

Kathleen H. Sanberg
United States Bankruptcy Judge